```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

MARTIN DASKAL,

                Appellant,                    ORDER
                                              14-CV-7402 (KAM)
     -against-

1584 FULTON, LLC, ALAN LEDERFEIND,
JOSEPH TYRNAUER, and MFG FULTON
HOLDINGS, LLC,

                Appellees.       X
-----------------------------------
```
**MATSUMOTO, United States District Judge**:

On September 25, 2014, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") entered an order approving the settlement of the objection of appellant Martin Daskal and the debtor 1584 Fulton, LLC to the claim by appellee MFG Fulton Holdings, LLC ("MFG Fulton"), which was negotiated by Plan Administrator Alan Lederfeind (the "Plan Adminstrator") in the Chapter 11 bankruptcy of 1584 Fulton, LLC ("debtor").  Presently before the court is an appeal from the Bankruptcy Court's order by appellant Daskal.  For the reasons set forth below, the appeal is denied.

## BACKGROUND

1584 Fulton, LLC, the debtor in the confirmed chapter 11 case *In re 1584 Fulton LLC*, Petition No. 13-40279, is a New York limited liability company that was engaged in the business

of owning and operating the real property located at 1584 Fulton Street in Brooklyn, New York (the "Property"). (*See* ECF No. 7, Brief for MFG Fulton Holdings, LLC ("MFG Fulton Br.") Ex. 2, Transcript of 12/2/14 Bankruptcy Court Hearing ("Dec. 2 Tr."), 17.) The Property, which is the debtor's only asset, is a vacant building that the debtor acquired in February 2002 for $187,500. (*Id.*) Appellant and appellee Joseph Tyrnauer own equal interests in the debtor. (*Id.*)

On or about February 13, 2009, appellant and Mr. Tyrnauer, on behalf of the debtor, executed a promissory note pursuant to which the debtor agreed to pay Mr. Tyrnauer or the holder of the Note $1,050,000 on February 12, 2010. (ECF No. 5, Appellant's Brief ("Appellant Br.") Ex. DD, MFG Proof of Claim ("MFG Claim"), at 9-10; *see also* Dec. 2 Tr. 17.) The note was to be secured by a mortgage on the Property, which was never recorded. (*See* MFG Claim at 11-12.) Appellant states that, as consideration for the note, Mr. Tyrnauer was to personally invest $1,050,000 to complete the development of a different property owned by 333-345 Green LLC ("Green LLC"), in which Mr. Daskal and Mr. Tyrnauer also held equal interests. (*See* Appellant Br. Ex. H, 9/16/14 Declaration of Martin Daskal in Opposition to Motion to Approve Settlement, ¶¶ 1-5.) Mr. Tyrnauer acknowledged that he never put cash into Green LLC but stated that the consideration for the note was a $1,050,000

2

reduction in the claims that Mr. Tyrnauer's wholly-owned companies had against Green LLC. (*See In re 1584 Fulton LLC*, ECF No. 41-1, 7/25/13 Declaration of Joseph Tyrnauer in Support of Response of MFG Fulton to Debtor's Motion to Disallow MFG Fulton Claim ¶¶ 7-8.)

The debtor did not remain current on its real estate taxes and, in or about the 2011, NYCTL 2010-A Trust commenced a tax lien foreclosure action in New York State Court with respect to the Property. (Dec. 2 Tr. 17.) The debtor then filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 17, 2013, which stayed the state court foreclosure action. (Dec. 2 Tr. 18.) Mr. Tyrnauer assigned the note to MFG Fulton in April 2013. (*See* MFG Claim at 5-8.)

On May 2, 2013, MFG Fulton, as assignee of the note, filed a proof of claim in the debtor's Chapter 11 case asserting a claim in the amount of $1,495,418.15, plus interest at the fixed rate 11.500% (the "MFG Claim"). (*See* Dec. 2 Tr. 18; MFG Claim.) After the debtor's time to file a plan and disclosure statement ended, on June 21, 2013, MFG Fulton filed a creditor's plan of liquidation (the "MFG Plan") and disclosure statement. (Appellant Br. Ex. B, MFG's Plan of Liquidation; *see also* Dec. 2 Tr. 18.) The disclosure statement stated that MFG Fulton was a holder in due course of the note executed by appellant and Mr.

Tyrnauer,[1] which had been assigned to MFG Fulton, and that the outstanding loan amount was $1,495,418.15 at the time the petition was filed. (*See In re 1584 Fulton LLC*, Petition No. 13-40279, ECF No. 30, Disclosure Statement, at 5-6; Dec. 2 Tr. 18.)

On June 26, 2013, the debtor filed an objection to and motion to disallow or reduce the MFG Claim (the "MFG Claim Objection"), and on August 1, 2013, appellant filed a declaration in support of the MFG Claim Objection. (*See In re 1584 Fulton LLC*, ECF Nos. 37, 47.) On July 26, 2013, the Debtor filed an objection to the MFG Plan and disclosure statement. (*See In re 1584 Fulton LLC*, ECF No. 43.) Both appellant and the debtor argued that the MFG Plan was not proposed in good faith, as required by the Bankruptcy Code, and that Mr. Tyrnauer assigned the mortgage to MFG Fulton in order to disguise or hide his involvement with and knowledge of what appellant characterized as the "bogus nature" of the note. (Dec. 2 Tr. 19.) Mr. Tyrnauer did not oppose the MFG Claim and supported the MFG Plan. (Dec. 2 Tr. 18.)

On July 26, 2013, MFG Fulton filed a response to the MFG Claim Objection (*see In re 1584 Fulton LLC*, ECF No. 41), and the debtor filed its reply on August 1, 2013 (*see In re 1584*

---

[1] Appellant contends that MFG Fulton is not a holder in due course because (1) it was on notice that the note was overdue when it was assigned and (2) the payor was in bankruptcy when the note was assigned. (*See* Appellant Br. at 8.)

4

*Fulton LLC*, ECF No. 48). On August 12, 2013, the Bankruptcy Court entered an order approving the disclosure statement, over the debtor's objection, and setting deadlines for objections to the MFG Plan and a confirmation hearing on the MFG Plan. (*See In re 1584 Fulton LLC*, ECF No. 51.)

Pursuant to the MFG Plan, MFG Fulton proposed a public sale of the Property to Skidbladnir LLC for $2,250,000.00, subject to better offers, as set forth in the bidding procedures approved by the Bankruptcy Court on August 8, 2013. (*See In re 1584 Fulton LLC*, ECF No. 51.) An auction sale of the Property was held on October 4, 2013, and Avrumi House LLC made an initial over bid of $2,371,500.00, and was declared the successful bidder. (*See In re 1584 Fulton LLC*, ECF No. 173, Order Confirming the Results of Public Sale.)

On October 8, 2013 and October 15, 2013, the debtor filed an objection to confirmation of the MFG Plan (*see In re 1584 Fulton LLC*, ECF Nos. 65, 76), and on December 13, 2013, appellant joined in debtor's objection to the confirmation of the MFG Plan (*see In re 1584 Fulton LLC*, ECF No. 126). The sole issue raised by the debtor and appellant in their objections was whether the MFG Plan was filed in good faith, within the meaning of section 1129(a)(3) of the Bankruptcy Code. The issue of good faith turned on the nature of the note assigned to MFG Fulton, as MFG Fulton would not be able to file a creditor's plan in the

debtor's Chapter 11 case without a valid claim against the debtor. On October 15, 2013, the Bankruptcy Court found that the MFG Plan satisfied the other requirements of section 1129(a) and scheduled an evidentiary hearing on the issue of whether the MFG Plan was proposed in good faith and not forbidden by law. (Dec. 2 Tr. 19; *see In re 1584 Fulton LLC*, Minute Entry dated 10/15/13.)

Over the course of seven months, on approximately fourteen different days, the Bankruptcy Court heard argument and received evidence concerning the issue of whether the MFG Plan satisfied the good faith requirement of Bankruptcy Code Section 1129(a)(3). (Dec. 2 Tr. 19.) Evidence was presented regarding validity of the note and what consideration was paid.[2] (*See* Appellant Br. at 6.)

At a hearing held before the Bankruptcy Court on May 27, 2014, the debtor and appellant withdrew their objections to the confirmation of the MFG Plan, and on June 2, 2014, after days of trial and without objection, the Bankruptcy Court entered a consensual order confirming the MFG Plan.[3] (Dec. 2 Tr. 19; Appellant Br. Ex. C, Order Approving Plan of Liquidation.)

---

[2] Appellant contends that additional expert evidence, not presented to the Bankruptcy Court during the hearings related to the MFG Plan, indicated that Mr. Tyrnauer's proof that he had reduced debts owed to his company by Green LLC was fabricated. (*See* Appellant Br. at 10.)

[3] On May 9, 2014, the Bankruptcy Court also entered an order confirming the results of the sale of the Property. (*See In re 1584 Fulton LLC*, ECF No. 173.)

6

Section 7.1 of the MFG Plan provides for the appointment of a Plan Administrator on the Confirmation Date. The "Plan Administrator, on behalf of the Debtor, the Disbursing Agent and the Successful Purchaser shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan." (Appellant Br. Ex. B at 21.) Section 8.5 of the MFG Plan provides that "[a]fter the Confirmation Date, only the Plan Administrator and the Disbursing Agent shall have authority to file, settle, compromise, withdraw or litigate to judgment objections to Disputed Claims." (*Id.*; Dec. 2 Tr. 22-23.) Section 1.46 of the MFG Plan defined "Plan Administrator" as meaning "Alan Lederfeind." (Appellant Br. Ex. B; Dec. 2 Tr. 21-22.)

Although the role of the Plan Administrator was defined in the confirmed MFG Plan, at a hearing held before the Bankruptcy Court on June 23, 2014, the Plan Administrator and his counsel appeared for the first time before the Bankruptcy Court in the Chapter 11 case and expressed the need for a formal plan administrator agreement and order in aid of confirmation approving that agreement in order to give effect to the intended role of the Plan Administrator. (*See In re 1584 Fulton LLC*, ECF No. 193, Transcript of 6/23/14 Hearing, at 15.)

The agreement was signed on July 28, 2014 (the "Plan Administrator Agreement"), and approved by order of the

7

Bankruptcy Court on August 6, 2014 (the "Plan Administrator Order"). (Appellant Br. Ex. D, Order in Aid of Confirmation of Plan Approving Plan Administrator Agreement.) Pursuant to the MFG Plan, the Plan Administrator Agreement, and the Plan Administrator Order, Alan Lederfeind was appointed Plan Administrator and, under the terms of the MFG Plan and Plan Administrator Agreement, was given the sole authority to file, settle, compromise, withdraw or litigate to judgment objections to disputed claims, including the pending objection to the MFG Claim. The Plan Administrator's duties were to effectuate the terms of the MFG Plan, propose any claims objections, if appropriate, and settle any claims objections. (MFG Plan at 10, 26-27.)

After reviewing the MFG Claim, the MFG Claim Objections, the responses to the MFG Claim Objection, deposition transcripts, hearing transcripts, and certain exhibits, the Plan Administrator and his counsel determined that the MFG Claim Objections should be settled. (*See In re 1584 Fulton LLC*, ECF No. 206-1, Proposed Stipulation between Plan Administrator and MFG Fulton Allowing Claim of MFG Fulton dated 8/28/14, at 3-4.) The Plan Administrator and MFG reached a resolution to the MFG Claim Objections, pursuant to which MFG would have an allowed general unsecured claim in the reduced amount of $1,325,000, without any additional interest or attorney's fees, and would

receive payment of its agreed upon claim within three business days of the Bankruptcy Court's approval of a stipulation memorializing the described resolution (the "Stipulation"). (*See generally id.*)

On August 28, 2014, the Plan Administrator filed a motion seeking approval of the Stipulation (Appellant Br. Ex. E (the "Motion to Approve"); *see* MFG Fulton Br. Ex. 1, Transcript of 9/23/14 Bankruptcy Court Hearing ("Sept. 23 Tr."), 19-20.) The motion stated, in relevant part:

> The proposed settlement of MFG's Claim meets the "lowest level of reasonableness" standard since it resolves a long standing and costly litigation for a fair amount. After poring through the hundreds of pages of deposition transcripts, the transcripts of the Hearings, as well the pertinent trial exhibits, the Plan Administrator and the undersigned counsel believe that it is more likely than not that this Court will find that that Joseph Tyrnauer gave consideration for his note and mortgage, and that the MFG Claim is valid. Since all creditors have been, or will be, paid in full from the proceeds of the sale of the Debtor's real property; the issues concerning the recordation of the mortgage is not relevant.
>
> After reviewing the record, the Plan Administrator's [*sic*] has concluded that the centerpiece of the Debtor's objection to confirmation of the Plan was the validity of the MFG Claim. Thus, the Plan Administrator believes that based upon the record, the likelihood of MFG Claim proving the validity of its claim, and being entitled to additional interest and attorneys' fees, supports the reasonable of the settlement being proposed by this motion.

(Appellant Br. Ex. E.) On September 16, 2014, appellant filed an objection to the Motion to Approve (Appellant Br. Ex. G (the "Daskal Objection"); *see* Sept. 23 Tr. 20), and on September 19, 2014, Mr. Tyrnauer, MFG Fulton, and the Plan Administrator filed replies to the Daskal Objection (Appellant Br. Exs. I, L, and M; *see* Sept. 23 Tr. 20). On September 22, 2014, the debtor joined

9

in appellant's objection to the Motion to Approve. (Appellant Br. Ex. O; *see* Sept. 23 Tr. 30.)

After a hearing before the Bankruptcy Court on September 23, 2014, Bankruptcy Judge Stong approved the settlement of the MFG Claim on the record, over the objections of appellant and the debtor. (Sept. 23 Tr. 98-122.) On September 25, 2014, the Bankruptcy Court entered an order on the docket granting the Motion to Approve and approving the stipulation by and between the Plan Administrator and MFG Fulton (the "Approval Order"). (Appellant Br. Ex. Q; *see* Dec. 2 Tr. 20-21.)

Neither appellant nor the debtor sought a stay of the Approval Order. On or about September 29, 2014, MFG Fulton's counsel, the disbursing agent under the MFG Plan, remitted the sum of $1,325,000 to MFG Fulton, in accordance with the Stipulation and the Approval Order. (*See* ECF No. 6, Brief of Alan Lederfeind, Plan Administrator, at 14; *see also* Dec. 2 Tr. 21.)

On October 8, 2014, after the settlement had been approved but before the Bankruptcy Court was informed that the funds had been paid to MFG Fulton, the debtor and appellant filed motions for reconsideration of the Approval Order (the "Reconsideration Motions"). (*See In re 1584 Fulton LLC*, ECF Nos. 225-226.) At a November 10, 2014 hearing, the Bankruptcy

Court heard argument from counsel for appellant and the debtor on their Reconsideration Motions. (*See In re 1584 Fulton LLC*, ECF No. 242, 11/10/14 Hearing Transcript.) On December 2, 2014, Judge Stong issued an oral decision denying the Reconsideration Motions. (Dec. 2 Tr. 28-47.) The Bankruptcy Court entered orders on the docket denying the Reargument Motions on December 4, 2014. (Appellant Br. Exs. AA, BB.)

On December 18, 2014, appellant filed a notice of appeal of the Approval Order, which was transmitted to this court on December 19, 2014. (Appellant Br. Ex. CC; ECF No. 1, Notice of Appeal from Bankruptcy Court.) After a motion to extend the deadlines for filing briefs in this appeal was granted on the consent of the parties, appellant filed his brief and annexed exhibits on February 4, 2015, and appellees Alan Lederfeind and MFG Fulton filed opposition briefs with annexed exhibits on March 6, 2015. (ECF No. 5, Appellant's Brief; ECF No. 6, Brief of Alan Lederfeind, Plan Administrator; ECF No. 7, Brief for MFG Fulton.) Appellant filed a reply brief on March 20, 2015, and the record was transmitted to the court on April 24, 2015. (ECF No. 9, Appellant's Reply Brief ("Appellant Reply"; ECF No. 10, Transmittal of Record on Appeal.)

## LEGAL STANDARD

I. Standard of Review

District courts have jurisdiction to review final

judgments, orders, and decrees of a bankruptcy court under 28 U.S.C. § 158(a)(1). The bankruptcy court's conclusions of law are reviewed *de novo*, and its findings of fact are reviewed for clear error. *See In re Vebeliunas,* 332 F.3d 85, 90 (2d Cir. 2003); *see also* Fed. R. Bankr. P. 8013.

A bankruptcy court's finding that a settlement is reasonable pursuant to Rule 9019 is reviewed for abuse of discretion. *See, e.g., In re Delta Airlines, Inc.,* 374 B.R. 516, 522 (S.D.N.Y. 2007). If "no reasonable [person] could agree with the decision" to approve the settlement, the bankruptcy court will be found to have abused its discretion. *Delta,* 374 B.R. at 522 (internal citations and quotation marks omitted)).

## II. Mootness

The appeal of a bankruptcy court order is presumed equitably moot when, pending a final appellate decision, there is either (1) "substantial consummation" of the debtor's reorganization plan, or (2) a "comprehensive change in circumstances" relative to the challenged order. *In re Chateaugay Corp.,* 10 F.3d 944, 952 (2d Cir. 1993) ("*Chateaugay II* "); *In re Chateaugay Corp.,* 988 F.2d 322, 325 (2d Cir. 1993) ("*Chateaugay I* "); *In re Adelphia Comm. Corp.,* 222 Fed. App'x 7, 8 (2d Cir. 2006). These principles are especially pertinent in bankruptcy proceedings, where the ability to achieve finality is

essential to the fashioning of effective remedies. *Chateaugay I,* 988 F.2d 322, 325.

An appellant can rebut the presumption of mootness by establishing that

> (a) the court can still order some effective relief, (b) such relief will not affect the re-emergence of the debtor as a revitalized corporate entity, (c) such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court, (d) the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings, and (e) the appellant pursue[d] with diligence all available remedies to obtain a stay of execution of the objectionable order . . . if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*Chateaugay II,* 10 F.3d at 952 (internal citations and quotations omitted; alterations in original); *see also In re Global Vision Products, Inc.,* Nos. 07-cv-12628, 09-cv-374, 2009 WL 2170253, *4 (S.D.N.Y. July 14, 2009).

The Second Circuit has held that a party's failure to seek a stay of a bankruptcy order on appeal weighs heavily in favor of finding equitable mootness. *See In re Malese 18 Corp.,* 426 B.R. 44, 48-49 (E.D.N.Y. 2010) (citing *In re Metromedia Fiber Network, Inc.,* 416 F.3d 136, 145 (2d Cir. 2005)); *see also Chateaugay I,* 988 F.2d at 326 ("The party who appeals without seeking to avail himself of [a stay] does so at his own risk.").

### III. Evaluating a Settlement

The bankruptcy court must make an "informed and independent judgment" in evaluating whether a settlement is fair

13

and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968). Courts in this Circuit assess the following factors when evaluating settlements in bankruptcy cases:

> (a) the probability of success should the issues be litigated, versus the present and future benefits of the settlement without the delay and expense of litigation and subsequent appeals;
>
> (b) the likelihood of complex and protracted litigation if the settlement is not approved (with its attendant expense, inconvenience, and delay), including the difficulty in collecting on the judgment;
>
> (c) the interests of the creditors, including the degree to which creditors support the proposed settlement;
>
> (d) the proportion of interested parties who support the settlement, and the relative benefits to be received;
>
> (e) the competency and experience of counsel supporting the settlement, and the extent to which the settlement is the product of arm's length bargaining; and
>
> (f) the nature and extent of releases to be issued

*See In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir. 2007).

"A bankruptcy judge need not decide the numerous questions of law and fact raised by the settlement, but rather, should 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re E. 44th Realty, LLC*, No. 05 BR. 16167, 2008 WL 217103, at *8 (S.D.N.Y. Jan. 23, 2008) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)). In determining whether to approve a settlement, the bankruptcy court "should not substitute its judgment for that of the trustee; rather the bankruptcy judge

14

and the district court may 'give weight to the opinions of the trustee, the parties, and their attorneys.'" *Id.* (internal citations and quotation marks omitted).

## **DISCUSSION**

Appellant does not appear to contest that the presumption of mootness applies, either because "an unstayed order has resulted in a 'comprehensive change of circumstances'" or the "reorganization is 'substantially consummated.'" (*See* Appellant Reply (applying the *Chateaugay II* factors).) In this case, the settlement of the MFG Fulton claim was approved over one year ago, without any attempt by appellant or the debtor to stay its effectuation, and MFG Fulton was paid $1,325,000 by the disbursing agent. The court finds that the evidence indicates that there has been a comprehensive change of circumstances and that the confirmed Plan has been substantially consummated. Thus, the court will consider the *Chateaugay II* factors to determine whether appellant can rebut the presumption of mootness.

Appellant argues that the court can fashion effective relief by ordering MFG Fulton to return the money it received in settlement of its claim, and that such an unwinding would not affect the re-emergence of the debtor or other transactions in the reorganization, namely, the sale of the Property. Most significantly, appellant concedes that he did not seek a stay of

15

the order from which he appeals.  Consequently, appellant must overcome a strong presumption that his appeal has been rendered moot, s*ee, e.g., Metromedia,* 416 F.3d at 145, but only states without further explanation that his failure to seek a stay "does not . . . 'create[] a situation rendering it inequitable to reverse the orders appealed from.'"  (Appellant Reply at 6 (quoting *Chateaugay II*, 10 F.3d at 953).)

Even assuming the court could still order some effective relief, which is disputed by the parties, appellant has not shown that the remaining *Chateaugay* factors are satisfied.  The Plan administrator, the parties to the debtor's Chapter 11 proceeding, and the Bankruptcy Court spent countless hours litigating the bona fides of the promissory note, and whether the MFG claim and Plan satisfied the good faith requirement.  Moreover, appellant cannot satisfy the final *Chateaugay II* factor and provides no explanation for his failure to pursue a stay, nor any other evidence that would outweigh the heavy presumption of a finding of mootness.  *See Metromedia,* 416 F.3d at 145 ("In the absence of any request for a stay, the question is not solely whether we *can* provide relief ... but also whether we *should* provide relief in light of fairness concerns.").  Accordingly, the court finds that the appeal is moot.

Even if the appeal were not equitably moot, the court

finds that the Bankruptcy Court did not abuse its discretion in approving the settlement.[4] The transcript from the hearing on the Motion to Approve indicates that Judge Stong considered the history of the case, the issues raised by the parties in opposition, and the *Iridium* factors before concluding that the settlement fell above the lowest point in the range of reasonableness.

In support of appellant's position that the Plan Administrator should have been required to consult with him before settling the MFG Claim, appellant cites one district court case in which the court upheld a bankruptcy court's approval of a settlement that occurred after, *inter alia*, the trustee proposing the settlement had "met with all interested parties to ascertain the best course of action for the Debtor, its creditors, and the estate." *In re E. 44th Realty, LLC*, No. 05 BR. 16167, 2008 WL 217103, at *4 (S.D.N.Y. Jan. 23, 2008).[5]

---

[4] Appellant argues that the Bankruptcy Court's failure to require the Plan Administrator to consult with appellant or Mr. Tyrnauer was an "articulation of the legal standard used to evaluate the settlement" that should be reviewed *de novo*, unlike the Bankruptcy Court's decision to approve the settlement, which may be reviewed for abuse of discretion. (*See* Appellant Br. at 3.) The court finds this distinction unpersuasive, as appellant is fundamentally challenging the Bankruptcy Court's decision to approve the settlement over his objection, and reviews the Bankruptcy Court's determination under the deferential abuse of discretion standard. Even under a *de novo* standard of review, this court finds appellant's argument to be meritless and, for the reasons stated herein, affirms the Bankruptcy Court's evaluation and approval of the settlement.

[5] In *East 44th Realty*, the district court held that the appeal was moot because the sale pursuant to the approved settlement had closed and the appellant had failed to seek a stay of the sale. *In re E. 44th Realty, LLC*, 2008 WL 217103, at *6-8. The court also held that, even if the appeal was not moot, the bankruptcy court's determination that the settlement was

17

Appellant cannot cite authority for his position that the Plan Administrator was required to consult with appellant or Mr. Tyrnauer before proposing a settlement, or that the Bankruptcy Court's determination that a settlement was reasonable, where the Plan Administrator evaluated the settlement based on the existing record without consulting appellant or Mr. Tyrnauer, constitutes reversible error.

Appellant also contends that the evidence of record establishes that Mr. Tyrnauer did not provide consideration for the note, rendering the MFG Claim "worthless" and the Bankruptcy Court's decision to approve the settlement in error. (Appellant Br. at 23.) The Bankruptcy Court heard and considered evidence related to the validity of the MFG Claim, the MFG Plan, and the Plan Administrator Agreement. The orders approving the Plan and the Plan Administrator Agreement provided that the Plan Administrator would be vested with sole authority to object to claims following confirmation of the MFG Plan. As noted above, the Bankruptcy Court extensively reviewed the record, including but not limited to the Plan Administrator's Motion to Approve, considered the *Iridium* factors, determined that "[t]he possibility of a significant reduction in this claim balanced against the benefit of a certain reduction [of $175,000]," and the fact that the settlement was the product of arm's length

---

reasonable was not an abuse of discretion. *Id.* at *9-12.

bargaining weighed in favor of approval, and overruled the objections of the debtor and appellant. (*See* Sept. 23 Tr. at 114-22.) During the hearing on the motion for reconsideration, the Bankruptcy Court noted that, although the debtor and appellant had objected to and ultimately withdrawn their objections to the MFG Plan, neither the debtor nor appellant had objected to the Plan Administrator Agreement prior to its approval, or the particular provisions granting the Plan Administrator the authority to object to and settle all disputed claims. (*See* Dec. 2 Tr. 34-44.) Accordingly, the court is unable to find that the Bankruptcy Court abused its discretion or misapplied the law in approving the settlement of the MFG Claim.

## **CONCLUSION**

For the reasons set forth above, the settlement order entered by the Bankruptcy Court is affirmed. This appeal is either moot or without merit. The Clerk of Court is respectfully requested to enter judgment in favor of the appellees and close this case.

**SO ORDERED.**

Dated:   October 23, 2015
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge